UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOEL JEANNITE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action 24-cv-10364-IT |
| | * |
| MAUREEN FLAHERTY, et al., | * |
| | * |
| Defendants. | * |
| | * |

ORDER
May 13, 2024

TALWANI, D.J.

*Pro se* plaintiff Joel Jeannite has filed a Complaint [Doc. No. 1] concerning a traffic stop by Boston Police officers. As a result of the stop and the alleged ensuing events, criminal charges were brought against Jeannite. Jeannite asks that this Court dismiss the pending state criminal prosecution against him and award him $88 million in damages. Id. at 7.[1] Jeannite also filed an Application to Proceed without Prepayment of Fees [Doc. No. 2] ("Application") (also referred to as a motion for leave to proceed *in forma pauperis*). For the reasons set forth below, the Court DENIES the Application and DISMISSES this action with prejudice.

In the Application, which Jeannite signed under penalty of perjury, he represents that he is without any income and that he does not have any cash or money in a checking or savings account. In the fields of the Application in which the plaintiff is directed to identify assets of value, regular monthly expenses, dependents, or debts and other financial obligations, Jeannite

---

[1] In the complaint, Jeannite provides the docket number of this criminal action. Compl. at 7. According to the publicly available electronic docket of this action, a jury trial is scheduled for June 17, 2024. See Commonwealth v. Jeannite, 2007CR002690 (Boston Mun. Ct., Dorchester Div.) (available through www.masscourts.org (last visited May 7, 2024)).

wrote "NA." He has not, however, provided any information as to how he affords the basic expenses of life. Without such information, the Court cannot evaluate whether he may proceed *in forma pauperis*. The Court therefore DENIES the Application.

Ordinarily, when the Court denies an Application because it does not contain adequate information concerning a plaintiff's financial circumstances, the Court gives the plaintiff additional time to resolve the filing fee. In this case, however, the Court is dismissing this action with prejudice because Jeannite filed the Application in this action knowing that it was insufficient. Between August 8, 2023 and August 25, 2023, Jeannite filed eighteen cases in which he submitted an Application completed in substantially same manner as the Application he filed in the present case.[2] All of these cases were dismissed after Jeannite failed to respond to the Court's respective orders denying the *in forma pauperis* motion and requiring him to pay the filing fee or file a renewed and more detailed motion for leave to proceed *in forma pauperis*.

In dismissing one of these cases, the Court warned Jeannite that, in failing to respond to any order requiring him to cure the deficiencies in the Application, he was apparently commencing his lawsuit "without any serious intention of prosecuting his claims." Jeannite v. Amaral, C.A. No. 23-cv-11978-NMG, [Doc. No. 6 at 3]. Id. The Court warned Jeannite that "[s]uch conduct is an abuse of the judicial system and could result in sanctions." Id. Jeannite was

---

[2] See Jeannite v. Perez, C.A. No. 23-cv-11545-IT; Jeannite v. Correia, C.A. No. 23-cv-11638-WGY; Jeannite v. Sciacca, C.A. No. 23-cv-11689-AK; Jeannite v. ADS Smith, C.A. No. 23-cv-11812-IT; Jeannite v. Lucy, C.A. No. 23-cv-11884-DJC; Jeannite v. Minnicucci, C.A. No. 23-cv-11886-LTS; Jeannite v. Doe, C.A. No. 23-cv-11887-AK; Jeannite v. Contelmo, C.A. No. 23-cv-11977-TSH; Jeannite v. Amaral, C.A. No. 23-cv-11978-NMG; Jeannite v. Horton, C.A. No. 23-cv-11988-RGS; Jeannite v. Butler, C.A. No. 23-cv-11989-LTS; Jeannite v. Parker, C.A. No. 23-cv-11991-ADB; Jeannite v. White, C.A. No. 23-cv-11992-AK; Jeannite v. Olivia, C.A. No. 23-cv-11993-ADB; Jeannite v. Smith, C.A. No. 23-cv-11994-AK; Jeannite v. Villa, C.A. No. 23-cv-11995-MJJ; Jeannite v. Metruck, C.A. No. 23-cv-11996-ADB; Jeannite v. Amaral, C.A. No. 23-cv-11978-NMG.

also admonished that the Court has power to enjoin litigants who abuse the court system by bringing groundless actions, ignoring Court orders, or by otherwise wasting scare judicial resources. See e.g., Jeannite v. Perez, C.A. No. 23-cv-11545-IT [Doc. No. 4]; Jeannite v. Sciacca, C.A. No. 23-cv-11689-AK [Doc. No. 4]; Jeannite v. Minnicucci, C.A. No. 23-cv-11886-LTS [Docket No. 4]; Jeannite v. Parker, C.A. No. 23-cv-11991-ADB [Doc. No. 4].

Following these warnings, the Court dismissed Jeannite v. Friend, C.A. No. 23-cv-12851-NMG, with prejudice as a sanction because Jeannite again had "elected to commence this action without prepayment of the filing fee or with an adequate motion for leave to proceed *in forma pauperis*, evidencing a lack of good faith in initiating this lawsuit and indifference to the waste of judicial resources caused by his apparently recreational conduct." Id. [Doc. No. 4 at 4].

Notwithstanding these warnings, Jeannite continued to commence actions without making any attempt to resolve the filing fee. On February 14, 2024, Jeannite filed three actions with substantially similar Applications, including this action presently before the court; the Court has dismissed the other two actions with prejudice. See Jeannite v. Shetrawski, C.A. No. 24-cv-10363-NMG [Doc. No. 4]; Jeannite v. JKAM Badge 22, C.A. No. 24-cv-10367-NMG [Doc. No. 4].[3] For the same reason, dismissal of this action with prejudice is appropriate here.

Accordingly, the Application to Proceed without Prepayment of Fees [Doc. No. 2] is DENIED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

      /s/ Indira Talwani
United States District Judge

May 13, 2024

---

[3] These orders of dismissal were entered on April 3, 2024, and have enjoined Jeannite for a twelve-month period from commencing an action in this Court without paying the filing fee. See id.